IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CITIFINANCIAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:07 CV55-WHA |
| | ) |
| BROOKA F. STOKES, | ) |
| | ) |
| Defendant. | ) |

## MOTION TO DISMISS FOR LACK OF JURISDICTION

The Defendant moves the Court to dismiss the above styled petition to arbitrate on the ground that the Court lacks jurisdiction.

1. The Petition, brought under The Federal Arbitration Act, § 9 U.S.C. §1, et seq. does not create Federal Question jurisdiction.

2. The Plaintiff seeks jurisdiction pursuant to the diversity statute 28 U.S.C § 1332, and Sect. 4 of the FAA (paragraph 6 of Plaintiff's Petition)

3. Section 4 of the FAA provides for an order compelling arbitration only where the Federal District Court would have jurisdiction on the underlying dispute.

4. The underlying dispute is a State Court action. *Stokes v. Citifinancial*, Civil Action No. 2006-761, In the Circuit Court of Lee County, Alabama, (Paragraph 3 of the Plaintiff's Petition).

5. Citifinancial removed said underlying dispute to the United States District Court for the Middle District of Alabama Eastern Division under diversity jurisdiction alleging fraudulent joinder of a non-diverse Defendant, Glenda Duncan

6. Brooka Stokes moved to remand the matter to the Circuit Court of Lee County, Alabama demonstrating the parties were not diverse or fraudulently joined.

7. The Honorable Myron H. Thompson agreed there was neither fraudulent joinder, nor fraudulent misjoinder. The underlying dispute was remanded back to theCircuit Court of Lee County, Alabama. A copy of the Order is attached as Exhibit 1.

8. The petition of Citifinancial does not include Glenda Duncan, an Alabama resident, as a Plaintiff, as this would defect diversity jurisdiction, nor does the petition address the residence

of Glenda Duncan under II, <u>Parties, Jurisdiciton and Venue</u>. However, Paragraph 5 of Plaintiff's Petition includes a specific request that the Court enter an order directing Stokes arbitrate her claims against Duncan.

    9. The issue of jurisdiction has been determined as to the underlying dispute. This petition does not fall under the jurisdiction of the United States District Court, and therefore this Court lacks jurisdiction to rule on the Petition.

    Respectfully submitted,

_____
JEFFREY G. TICKAL (TIC001)
Attorney for the Plaintiff, Brooka Stokes

OF COUNSEL:

GULLAGE & TICKAL, LLP
511 Geneva Street
PO Box 711
Opelika, AL 36803-0711
334-737-3733
334-737-3766 fax

CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing Motion upon the following by depositing a copy of the same in the United States Mail, postage prepaid and properly addressed on this the 5 day of February, 2007.

Alan D. Leeth, Esq.
BURR & FORMAN, LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, AL 35203

_____
JEFFREY G. TICKAL

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
BROOKA STOKES,                   )
                                 )
     Plaintiff,                  )
                                 )     CIVIL ACTION NO.
     v.                          )     3:06cv1135-MHT
                                 )
CITIFINANCIAL a/k/a              )
WASHINGTON MUTUAL FINANCE        )
and GLENDA DUNCAN,               )
                                 )
     Defendants.                 )
```

EXHIBIT 1
to D's Motion to Dismiss
3:07 CV55-WHA

ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C. §§ 1332, 1441, is now before the court on plaintiff's motion to remand. The court agrees with plaintiff that this case should be remanded to state court. The court agrees with plaintiff that there has been neither fraudulent joinder, Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989), nor fraudulent misjoinder, Tapscott v. MS Dealer Service

Corp., 77 F.3d 1353, 1360 (11th Cir. 1996). The court believes that, while the resident defendant's submitted testimony may ultimately prove to be credible, plaintiff should have the opportunity to pursue discovery on her colorable claim against the resident defendant.

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motion to remand (Doc. No. 8) is granted and that, pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Lee County, Alabama.

It is further ORDERED that any and all other pending motions are left for disposition by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 1st day of February, 2007.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE