IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CITIFINANCIAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:07CV55-WHA |
| ) | |
| BROOKA F. STOKES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF CITIFINANCIAL, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION**

**COMES NOW,** Plaintiff CitiFinancial, Inc. ("CitiFinancial" or "Plaintiff"), by and through its undersigned counsel, and hereby submits this Response in Opposition to Defendant's Motion to Dismiss for Lack of Jurisdiction. In support thereof, CitiFinancial states as follows:

### I. INTRODUCTION

On or about November 16, 2006, Defendant Brooka F. Stokes ("Stokes" or "Defendant") filed a Complaint against CitiFinancial and one of its employees, Glenda Duncan ("Duncan"), in the Circuit Court of Lee County, Alabama (the "Underlying State Court Action"). Therein, Stokes alleged that CitiFinancial and Duncan falsely reported credit information and engaged in improper collection activities with respect to her loan. Based upon these allegations, Stokes asserted causes of action against CitiFinancial and Duncan for defamation, fraud, negligent misrepresentation, and intentional infliction of emotional distress.

On or about January 17, 2007, CitiFinancial filed a Petition with this Court to compel the arbitration of Stokes' claims against both it and Duncan pursuant to 9 U.S.C. § 4 ("Independent

1542774

Action"). Therein, CitiFinancial sufficiently satisfied this Court's jurisdictional requirements by demonstrating that there is complete diversity between it and Stokes and, further, that the amount in controversy for the Underlying State Court Action exceeds $75,000, exclusive of interest and costs. More importantly, CitiFinancial demonstrated that Stokes expressly agreed to arbitrate her claims against both it *and* Duncan and that said agreement is due to be enforced under the Federal Arbitration Act ("FAA").

On or about February 5, 2007, Stokes filed a motion to dismiss CitiFinancial's Independent Action for lack of diversity jurisdiction ("Motion"). In support thereof, Stokes noted that the Underlying State Court Action was previously found to lack diversity due to its inclusion of Duncan, an Alabama resident. Stokes then observed that CitiFinancial's Independent Action fails to include the non-diverse Duncan despite the fact that it specifically requests that the claims against her be compelled to arbitration. For these reasons and without any further elaboration thereon, Stokes contends that CitiFinancial's Independent Action lacks complete diversity and should therefore be dismissed.

As demonstrated in detail below, however, Stokes' Motion suffers from several fatal misinterpretations of the law. First and foremost, the diversity jurisdiction of the Underlying State Court Action has absolutely no bearing on the diversity jurisdiction of this Independent Action. Rather, such jurisdiction is determined solely by reference to the citizenship of the specific parties named in CitiFinancial's Independent Action, as well as any indispensable parties who must be joined pursuant to Rule 19 of the Federal Rules of Civil Procedure. With that said, there is complete diversity of citizenship between CitiFinancial and Stokes, the only named parties to the present action. Moreover, Duncan is not an indispensable party under Rule 19 and, as such, her citizenship is irrelevant to this Court's analysis. For these reasons and others

outlined below, this Court has diversity jurisdiction over this Independent Action, and Stokes' Motion to the contrary is due to be denied.

## II. ARGUMENT[1]

A. **There is Complete Diversity Among the Parties Named in CitiFinancial's Independent Action.**

The Eleventh Circuit and federal district courts in Alabama have repeatedly held that the jurisdiction of an underlying state court action has no bearing on the jurisdiction and/or diversity of an independent action to compel arbitration. *See MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 945 (11th Cir. 1999)(quoting *First Franklin Fin. Corp. v. McCollum*, 144 F.3d 1362, 1363 (11th Cir. 1998)(" 'As a matter of both § 1332's language and common sense, whether an action is removable or not does not affect jurisdiction in . . . an independent action' to compel arbitration."); *see also Patriot Mfg., Inc. v. Dixon*, 2005 WL 2233071, at *4 (S.D. Ala. Sept. 1, 2005)(finding that "[w]hether diversity of citizenship exists or not in the [s]tate [c]ourt [a]ction, and whether that action was removable, are of no consequence to the presence or absence of subject matter jurisdiction" in an independent action to compel arbitration).

Rather, as in any federal proceeding, the jurisdiction of an independent action to compel arbitration is determined by reference to the specific parties named in said action (*see Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104, 1106 (9th Cir. 2002)("[T]he citizenship of someone not before the court is irrelevant to the jurisdictional inquiry."); *Franklin*, 177 F.3d at 945; *Prudential-Bache Sec., Inc. v. Fitch*, 966 F.2d 981, 988 (5th Cir. 1992)("[J]urisdiction for a petition to compel arbitration [must] be determined from the face of the petition."); *Dixon*, 2005

---

[1] Stokes does not dispute that the amount in controversy requirement is satisfied in the present action. As such, the only issue for this Court's determination is whether the complete diversity requirement has also been satisfied. *See Patriot Mfg., Inc. v. Dixon*, 2005 WL 2233071, at *3 (S.D. Ala. Sept. 1, 2005).

WL 2233071, at * 4 ("There can be no doubt that the face of the [Petition to compel arbitration] properly invokes federal jurisdiction on the basis of diversity of citizenship.")), as well as any indispensable parties who must be joined pursuant to Rule 19 of the Federal Rules of Civil Procedure. *See Doctor's Assoc., Inc. v. Distajo*, 66 F.3d 438, 445 (2nd Cir. 1995)("As with any federal action, diversity of citizenship is determined by reference to the parties named in the [independent action] before the district court, as well as any indispensable parties who must be joined pursuant to Rule 19 of the Federal Rules of Civil Procedure.").

With that said, it is clear that there is complete diversity among the parties named in the present action. Indeed, as previously demonstrated, CitiFinancial is a resident of the State of Maryland[2] for purposes of diversity jurisdiction, and Stokes is a resident of the State of Alabama. As such, this Court has diversity jurisdiction over the present action unless there is an indispensable party who must be joined herein pursuant to Rule 19. *See id.*

### B.    Duncan is Not an Indispensable Party Under Rule 19.

Though Stokes has never expressly argued as much, her Motion suggests that Duncan is an indispensable party whose non-joinder necessitates dismissal of the present action. As a preliminary matter, however, it must be noted that Stokes bears the burden of establishing that Duncan is an indispensable party and must, at a minimum, offer evidentiary materials from which this Court could make such a determination. *See Cherokee Nation of Oklahoma v. Babbitt*, 944 F. Supp. 974, 978 (D. D.C. 1996)("The moving party has the burden of persuasion in arguing for dismissal pursuant to Rule 19.")(citing *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990); *Dunlop v. Beloit College*, 411 F. Supp. 398, 400-01 (D.C.. Wisc. 1976)("Although there is little in the Federal Rules which sets forth the manner in which a claim

---

[2] CitiFinancial is a Maryland corporation with its principle place of business in the State of Maryland.

of indispensability is to be established, it is clear that, at a minimum, a defendant must produce evidentiary materials from which a court make the findings of fact on which the claim is based."). With that said, a cursory review of Stokes' Motion reveals that she has presented absolutely no evidence or factual arguments from which this Court could determine that Duncan is an indispensable party to the present action. For this reason alone, this Court should find that Duncan is not an indispensable party and, accordingly, that it has diversity jurisdiction over the present action.

Even if this were not the case, however, an analysis of Rule 19 and the pertinent considerations contained therein confirms that Duncan is not an indispensable party to the present action.[3] Rule 19 establishes a two-step analysis for determining a party's indispensability. First, a Court must assess under Rule 19(a) whether a party is necessary to an action and should be joined therein if feasible. If a party is deemed necessary under Rule 19(a) but his/her joinder would eliminate the basis for subject matter jurisdiction, the Court must then determine whether the party is indispensable under Rule 19(b) such that the action should not proceed in his/her absence. If the party is deemed indispensable under Rule 19(b), then the action at issue should be dismissed. As demonstrated in detail below, however, Stokes is neither a necessary nor indispensable party under Rule 19.

### 1. Duncan is Not a Necessary Party Under Rule 19(a).

Rule 19(a) states that a person is necessary to an action and shall be joined therein if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the

---

[3] Courts have repeatedly held "that the mere fact that parties are joint tortfeasors or co-defendants does not render them indispensable" in the context of an independent action to compel arbitration. *United Benefit Life Ins. v. Collins*, 2001 WL 273902, at *2 (N.D. Ala.)(citing *Franklin*, 177 F.3d at 946; *Herpich v. Wallace*, 430 F.2d 792, 817 (5th Cir. 1970)).

>disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk or incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

FED. R. CIV. P. 19(a).

As for the first element, it is clear that full relief can be accorded among the parties to the present action notwithstanding Duncan's absence. Indeed, the only relief sought herein is the enforcement of an agreement between CitiFinancial and Stokes wherein Stokes specifically agreed to arbitrate all of her claims against CitiFinancial, <u>as well as its employees</u>.[4] Duncan is not a necessary party for the Court to determine the enforceability of this agreement, and complete relief (i.e., compelled arbitration) can be accorded to CitiFinancial notwithstanding Duncan's absence. In other words, based on the plain language of the parties' arbitration agreement, this Court can issue an order compelling Stokes' to arbitrate her claims not only against CitiFinancial, but its employees as well, regardless of whether the employees are parties to the action. As such, the first element of Rule 19(a) is not satisfied in the present action.

As for the second element, Duncan has never "claimed" an interest in the subject matter of the present action (i.e., the enforcement of CitiFinancial and Stokes' arbitration agreement) as required under Rule 19(a). Nevertheless, had she claimed such an interest, the disposition of the present action in her absence neither impairs her ability to protect said interest nor subjects the parties to the risk of piecemeal litigation.[5] Indeed, as for the former, Duncan's interests are aligned with CitiFinancial's, as evidenced by the fact that the parties share the same counsel. Thus, her interests are being fully represented and served notwithstanding her absence in the

---

[4] *See* Arbitration Agreement, attached hereto as Exhibit 1.

[5] Note that Duncan's interests in the enforcement of CitiFinancial and Stokes' arbitration agreement are limited by virtue of the fact that she was not a party to said agreement.

present action. As for the latter, the disposition of the present action does not subject the parties to piecemeal litigation or inconsistent obligations. On the contrary, CitiFinancial's request that this Court compel the arbitration of Stokes' claims against both it *and* Duncan ensures that the entire Underlying State Court Action will be adjudicated in a single forum.[6] As such, the second element of Rule 19(a) is also not satisfied in the present action.

Based on the foregoing and the applicable legal precedent, it is clear that Duncan is not a necessary party under Rule 19(a) and, further, that her citizenship has no affect on the jurisdiction of the present action. *See Distajo*, 66 F.3d at 446 (finding that a franchisor's agents sued in state court along with the franchisor were <u>not necessary</u> parties under Rule 19(a) in a federal independent action to compel arbitration.); *Dixon*, 2005 WL 2233071, at *5-6 (finding that a mobile home dealer sued in state court along with a mobile home manufacturer was <u>not a necessary party</u> under Rule 19(a) in a federal independent action to compel arbitration); *Private Business, Inc. v. Alabama Exterior Supply, Inc. and Florida Vinyl Products of Pensacola, Inc.*, 2000 WL 33156437, at *4-5 (finding that co-defendants sued in state court were <u>not necessary</u> parties under Rule 19(a) in a federal independent action to compel arbitration). As such, this Court has diversity jurisdiction over the present action notwithstanding the absence of Duncan, and Stokes' Motion to the contrary is due to be denied.

### 2. Duncan is Not a Indispensable Party Under Rule 19(b).

Even assuming, *arguendo*, that Duncan is a necessary party, she is not an indispensable party under Rule 19(b). Rule 19(b) states that where the joinder of a necessary party would

---

[6] Even if disposition of the present action did result in piecemeal litigation, such would be "overcome in this context by the FAA's strong bias in favor of arbitration." *Distajo*, 66 F.3d at 446. "Indeed, the Supreme Court has categorically stated that the FAA requires courts to enforce an arbitration agreement 'notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement.' " *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)).

eliminate the basis for subject matter jurisdiction, the court must determine whether the action should proceed in his/her absence or be dismissed, "the absent party being thus regarded as indispensable." FED. R. CIV. P. 19(b). In making this determination, courts are to consider the following four factors:

> [F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

*Id.*

As for the first factor, it is clear that a judgment rendered in the present action would prejudice neither the parties thereto nor Duncan. Indeed, as demonstrated above, complete relief can be accorded to CitiFinancial notwithstanding Duncan's absence. Moreover, disposition of the present action would not prejudice Stokes by creating the potential for piecemeal litigation but would, instead, ensure that the underlying dispute is adjudicated in a single forum. Finally, Duncan would not be prejudiced because her "interests" in this Independent Action are being represented and protected by CitiFinancial. As such, the first factor weighs in favor of adjudicating the present action in Duncan's absence. In addition, given the overwhelming lack of prejudice, the second factor -- whether and to what extent the prejudice can be reduced or eliminated -- also weighs in favor of adjudicating the present action. *See Painewebber, Inc. v. Cohen*, 276 F.3d 197, 205 (6th Cir. 2002).

As for the third factor, there is no reason to believe that a judgment rendered in the present action would be inadequate. Indeed, CitiFinancial is simply asking this Court to enforce the terms of an arbitration agreement between it and Stokes. The absence of Duncan, a non-

party to this arbitration agreement, does not affect the adequacy of any judgment rendered thereon. As such, it is clear that the third factor also weighs in favor of adjudicating the present action in Duncan's absence.

Finally, while the fourth factor seems to favor dismissal of the present action because CitiFinancial could technically assert its arbitration claims in the Underlying State Court Action, 'the potential existence of another forum does not, in and of itself, outweigh a plaintiff's right to the forum of his or her choice.' " *Cohen*, 276 F.3d at 205 (quoting *Local 670, United Rubber, Cork, Linoleum, & Plastic Workers of Am. v. Int'l Union, United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 822 F.2d 613, 622 (6th Cir. 1987). In other words, a party should not be found indispensable where only the fourth Rule 19(b) factor weighs in favor of dismissal. *See id.*

Based on the consideration and weighing of the above factors, it is clear that Duncan is not an indispensable party under Rule 19(b). *See Cohen*, 276 F.3d at 205-06 (finding that a branch manager sued in state court along with the investment brokerage firm with which he works was not an indispensable party under Rule 19(b) in the firm's federal independent action to compel arbitration.); *Dixon*, 2005 WL 2233071, at *7 (finding that a mobile home dealer sued in state court along with a mobile home manufacturer was not an indispensable party under Rule 19(b) in the manufacturer's federal independent action to compel arbitration); *Private Business, Inc.*, 2000 WL 33156437, at *4-5 (finding that co-defendants sued in state court were not indispensable parties under Rule 19(b) in a federal independent action to compel arbitration). As such, this Court has diversity jurisdiction over the present action notwithstanding Duncan's absence, and Stokes' Motion to the contrary is due to be denied.

### 3. Policy Considerations in Favor of Adjudicating the Present Action.

In addition to the factors outlined above, certain policy considerations also weigh against a finding that Duncan is an indispensable party. Most importantly, it cannot be overstated that a

"ruling to the contrary would virtually eliminate the availability of federal courts to enforce arbitration clauses in diversity cases by the simple expedient of one of the parties filing a preemptive suit in state court with at least one non-diverse defendant." *Cohen*, 276 F.3d at 205; *see also Distajo*, 66 F.3d at 445 (held that "[i]f such a rule were adopted, a party resisting arbitration could defeat federal jurisdiction simply by suing someone from the same state, plus the party seeking to compel arbitration, in a separate state lawsuit. Diversity would be destroyed simply by claiming that the local defendants in the parallel action were 'indispensable parties' to the petition to compel."). Such a precedent cannot be allowed to flourish in the face of the FAA's clear directive allowing parties to seek arbitration through federal courts. For this additional reason, Duncan is not an indispensable party to the present action, and Stokes' Motion is due to be denied.

### III. CONCLUSION

Based on the foregoing, it is clear that there is complete diversity among the parties named in the present action and that there are no indispensable parties not named herein. As such, this Court has diversity jurisdiction over the present action, and Stokes' Motion to the contrary is due to be denied.

Respectfully submitted,

s/ Alan D. Leeth
Reid S. Manley (MAN039)
Alan D. Leeth (LEE038)

Attorneys for Plaintiff
CITIFINANCIAL, INC.

OF COUNSEL:

BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

      I hereby certify that on the 16th day of February, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all properly registered parties and to the extent they are not registered with the Court's ECF system, they have been served by directing same to their office addresses via first-class, United States mail, postage prepaid:

Hon. James T. Gullage
Jeffrey G. Tickal
GULLAGE & TICKAL, LLP
511 Geneva Street
Opelika, AL 36801
Tel.: (334) 737-3733

                                                   s/ Alan D. Leeth
                                                 OF COUNSEL

# ARBITRATION AGREEMENT

THIS ARBITRATION AGREEMENT PROVIDES THAT ALL DISPUTES BETWEEN BORROWER AND CERTAIN OTHER PERSONS ON THE ONE HAND AND LENDER AND CERTAIN OTHER PERSONS AND ENTITIES ON THE OTHER HAND, EXCEPT THOSE SPECIFIED BELOW, WILL BE RESOLVED BY MANDATORY, BINDING ARBITRATION. YOU THUS GIVE UP YOUR RIGHT TO GO TO COURT TO ASSERT OR DEFEND YOUR RIGHTS (EXCEPT FOR MATTERS THAT ARE EXCLUDED FROM ARBITRATION AS SPECIFIED BELOW). YOUR RIGHTS WILL BE DETERMINED BY A NEUTRAL ARBITRATOR AND NOT A JUDGE OR JURY. YOU ARE ENTITLED TO A FAIR HEARING, BUT THE ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT.

| BORROWER(S) | LENDER |
|---|---|
| BROOKA FERN STOKES<br><br>3301 OAKDALE DR<br>OPELIKA AL 36801 | CITIFINANCIAL CORPORATION, LLC<br>3909-B PEPPERELL PARKWAY<br>OPELIKA AL 36801 |
| Date of Note    03/10/2003 | Account Number |

In consideration of Lender making the extension of credit described in the instrument evidencing your loan ("Note") and other good and valuable consideration, the receipt and sufficiency of which is acknowledged by both parties, You and We agree that either You or We have an absolute right to demand that any Claim be submitted to an arbitrator in accordance with this Arbitration Agreement. If either You or We file a lawsuit, counterclaim, or other action in court, the other party has the absolute right to demand arbitration following the filing of such action.

**Definitions for Arbitration Agreement.** As used in this Arbitration Agreement ("Agreement"), the following definitions will apply:
"You" or "Your" means any or all of Borrower(s) listed above and Non-Obligor(s) who execute the Note, and their heirs, survivors, assigns, and representatives.
"We" or "Us" or "Our" means the Lender under the Note listed above, its past, present or future respective parents, subsidiaries, affiliates, predecessors, assignees, successors, and their respective employees, agents, directors, and officers (whether acting in their corporate or individual capacity).
"Credit Transaction" means any one or more past, present, or future extensions, applications, or inquiries of credit or forbearance of payment such as a loan, retail credit agreement, or otherwise from any of Us to You.
"Claim" means any case, controversy, dispute, tort, disagreement, lawsuit, or claim now or hereafter existing between You and Us. A Claim includes, without limitation, anything related to:
- The Note, this Agreement, or the enforceability, or the arbitrability of any Claim pursuant to this Agreement, including but not limited to the scope of this Agreement and any defenses to enforcement of the Note or this Agreement;
- Any Credit Transaction;
- Any past, present, or future insurance, service, or other product that is offered or purchased in connection with a Credit Transaction;
- Any documents or instruments that contain information about any Credit Transaction, insurance, service, or product;
- Any act or omission by any of Us;
- Fraud or misrepresentation, including claims for failing to disclose material facts;
- Any federal or state statute or regulation, or any alleged violation thereof, including without limitation insurance, usury, and lending laws;
- Any party's execution of this Agreement and/or willingness to be bound by its terms and provisions; or
- Any dispute about closing, servicing, collecting, or enforcing a Credit Transaction.

"Rules" means the then applicable rules and procedures that govern consumer disputes for the chosen "Administrator" (as defined below).

**Agreement to Arbitrate Claims.** Upon written request by either party that is submitted according to the Rules for arbitration, any Claim, except those specified below in this Agreement, shall be resolved by binding arbitration in accordance with (i) the Federal Arbitration Act, (ii) the then applicable Rules of the chosen "Administrator", and (iii) this Agreement, unless We and You both agree in writing to forgo arbitration. The terms of this Agreement shall control over any inconsistency between the Rules of the Administrator and this Agreement. The party initiating the arbitration must choose one of the three following arbitration firms ("Administrator") and follow the Rules for initiating and pursuing an arbitration:

| | | |
|---|---|---|
| JAMS<br>1920 Main Street, Suite 300<br>Irvine, CA 92610<br>www.jamsadr.com | American Arbitration Association<br>335 Madison Avenue, Floor 10<br>New York, NY 10017-4605<br>www.adr.org | National Arbitration Forum<br>P.O. Box 50191<br>Minneapolis, MN 55405<br>www.arbitration-forum.com |

You may obtain a copy of the Rules and a form of demand for arbitration for each Administrator by contacting the Administrator or by accessing the Administrator's internet site. We or You may bring an action, including a summary or expedited proceeding, to compel arbitration of any Claim, and/or to stay the litigation of any Claim pending arbitration, in any court having jurisdiction. Such action may be brought at any time, even if a Claim is part of a lawsuit, up until the entry of a final judgment. You and We also agree to submit to final, binding arbitration not only all Claims, but also any claim or dispute You or We have against (i) all persons and/or entities involved with any Credit Transaction or any other matter relating to this Disclosure Statement, Note and Security Agreement, (ii) all persons and/or entities who signed or executed any document relating to any Credit Transaction or Claim, and (iii) all persons and/or entities who may be jointly or severally liable to either You or any of Us regarding any Claim.

**Judgment.** Judgment upon any arbitration award may be entered in any court having jurisdiction. If timely requested by either party, the arbitrator shall provide a brief written statement of the reasons for any award.

**Claims Excluded from Arbitration.** Neither You nor We may require the other to arbitrate the following types of matters:
- Any action to the extent necessary to obtain a judicial order for the purpose of (a) effecting a foreclosure or transferring title being foreclosed, or permitting exercise of extra-judicial or self-help repossession under applicable law, with respect to an interest in property, or (b) establishing, perfecting or clearing title, with respect to an interest in property.
- Any Claim where all parties collectively (including multiple named parties) seek monetary relief in the aggregate of $15,000.00 or less in total relief, including but not limited to compensatory, statutory and punitive damages, restitution, rescission, disgorgement, costs and fees (including attorneys' fees); or any Claim brought in and subject to the jurisdiction of a small claims court, so long as such matter remains in such court and advances only an individual, non-class Claim. Any Claims asserted on behalf of a putative class of persons, will, for purposes of this exclusion, be deemed to exceed $15,000.00. In the event that any party fails to specify the amount being sought for any relief, or any form or component of relief, the amount being sought shall, for purposes of this exclusion, be deemed to exceed $15,000.00, unless the matter remains in and subject to the jurisdiction of the small claims court.

Participating in a lawsuit or seeking enforcement of this section by a court shall not waive the right to arbitrate any other Claim

**Additional Terms.**
<u>Administration of Arbitration.</u> Arbitration shall be administered by the chosen Administrator, but if said Administrator is unable or unwilling to administer the arbitration, then an alternate Administrator shall be chosen by the party initiating the arbitration and that Administrator shall administer any arbitration required under this Agreement pursuant to its Rules. The arbitrator shall make his or her decision in accordance with the applicable law, and shall be empowered to award any damages or other relief provided for under the applicable law.
<u>Place of Arbitration.</u> The arbitration shall be conducted in the county of Your residence, unless all parties agree to another location.
<u>Appeal.</u> Either You or We may appeal the arbitrator's award in accordance with the then applicable Optional Appeals Procedures of JAMS or in accordance with procedures otherwise agreed to by You and Us, and the award may be subject to judicial review on the grounds stated in 9 U.S.C. § 10.
<u>No Class Actions/No Joinder of Parties.</u> You agree that any arbitration proceeding will only consider Your Claims. Claims by or on behalf of other borrowers will not be arbitrated in any proceeding that is considering Your or Our Claims. Because You have agreed to arbitrate all Claims, You may not serve as a class representative or participate as a class member in a putative class action against any party entitled to compel arbitration under this Agreement.
<u>Depositions.</u> After a demand for arbitration is made, You and We may conduct a limited number of depositions by mutual agreement. Any disagreements concerning the taking of depositions will be resolved by the arbitrator.

Borrower's Initials: _BJS_

| 21228-2  3/2003 | Original (Branch)    Copy (Customer) | Page 1 of 2 |
|---|---|---|

EXHIBIT 1

Costs. Unless the Rules of the Administr●●equire allocation more beneficial to You, the ●●f any arbitration proceeding shall be divided as follows:

- The party making demand upon the Administrator for arbitration shall pay to the Administrator the filing fee required by the Rules when the demand is made, except that We will pay the amount of the filing fee in excess of the amount of the fee that would be required for You to file a lawsuit in Your jurisdiction. In addition, We will pay to the Administrator all other administrative costs of the arbitration proceeding. However, the arbitrator may award Us, in accordance with Rules, the excess amount of any such filing fee and any other arbitration administrative costs We incur if the arbitrator determines that the Claim was made in bad faith or lacks any justification on Your part. Despite our agreement to pay costs and fees described above, you have the option to pay Your share of filing fees and administrative costs consistent with the applicable Rules.
- Each party shall pay his/her own attorney, expert, and witness fees and expenses, unless otherwise required by law or by other terms of the Note.

Governing Law. This Agreement is governed by federal law and by the laws of the state where the closing of the Credit Transaction took place, but only to the extent that such state laws are consistent or compatible with federal law.

Interpretation. Jurisdictional and arbitrability disputes, including disputes over the existence, validity, interpretation or scope of this Agreement under which arbitration is sought, shall be submitted to and ruled on by the arbitrator, unless the relevant law requires that a court of competent jurisdiction make such determinations. The arbitrator has the authority to determine jurisdiction and arbitrability prior to conducting a full hearing on the merits.

Severability. If the arbitrator or any court determines that one or more terms of this Agreement or the Rules are unenforceable, or would make this Agreement unenforceable, only such terms(s) shall be deemed unenforceable and shall be deemed stricken from this Agreement, but such determination shall not impair or affect the enforceability of the other terms of this Agreement or the Rules.

Survival. This Agreement applies even if the Note has been paid in full, charged off by us, or discharged in bankruptcy.

Special Acknowledgments. You understand and acknowledge by signing Your name to this Agreement that (i) a court and/or jury will not hear or decide any Claim governed by this Agreement, (ii) the funding for Your Credit Transaction will come in whole or in part from sources outside this state, which will involve commerce within the meaning of the United States Arbitration Act, 9 U.S.C. §§1 et seq., as amended, (iii) discovery in an arbitration proceeding can be much more limited than in a court proceeding, and (iv) rights to appeal an arbitration award are very limited.

READ THE ABOVE ARBITRATION AGREEMENT CAREFULLY. IT LIMITS CERTAIN OF YOUR RIGHTS, INCLUDING YOUR RIGHT TO OBTAIN REDRESS THROUGH COURT ACTION. BY SIGNING BELOW, YOU AGREE TO THE TERMS CONTAINED IN THIS AGREEMENT AND ACKNOWLEDGE THAT THIS DOCUMENT DID NOT CONTAIN ANY BLANK SPACES WHEN YOU SIGNED IT.

The Arbitration Agreement is executed as of the "Date of Note" written above.

_____*Brooka Fern Stokes*_____  Borrower
BROOKA FERN STOKES

By: _____*Renee Booth, AM*_____  Borrower
(Lender Name and Title)

_____
Non-Obligor