IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CITIFINANCIAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:07 CV55-WHA |
| | ) |
| BROOKA F. STOKES, | ) |
| | ) |
| Defendant. | ) |

### BROOKA F. STOKES' ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION FOR ORDER COMPELLING ARBITRATION

COMES NOW, the Defendant, **Brooka F. Stokes**, in the above styled cause, by and through her undersigned counsel, and files this, her Answer to Plaintiff's First Amended Petition for Order Compelling Arbitration.

#### ANSWER PRESENTING DEFENSES UNDER RULE 19

Glenda Duncan is a necessary and indispensable party to this matter. The Plaintiff's First Amended Complaint omits Glenda Duncan from the Original Petition. It does not state why she is not made a party of this action. Glenda Duncan is now subject to the jurisdiction of the Circuit Court of Lee County, Alabama and has informed the Court that she will file a Motion to Compel Arbitration under the same agreement the Petitioner claims in this matter. Therefore there are two Courts interpreting the same contractual agreement to arbitrate this matter. As such, Brooka F. Stokes may find herself arbitrating this matter against one party while litigating against the other. Therefore, this Court should dismiss this Petition to allow the Circuit Court of Lee County, Alabama which has jurisdiction over both Glenda Duncan and Citifinancial, Inc. a/k/a Washington Mutual Finance to properly determine the merits of the Petition to arbitrate as well as the Motion to Compel.

#### ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION

1. Paragraph One of Plaintiff's Petition is a statement which does not require an answer, however, to the extent that Paragraph One alleges that Brooka Stokes is to submit to binding arbitration it is hereby denied.

2. Brooka F. Stokes admits that she entered into an agreement with Citifinancial Corporation, LLC. However, Mrs. Stokes would state the agreement speaks for itself.

3. Brooka F. Stokes admits that she filed a lawsuit against Citifinancial Inc. f/k/a Washington Mutual Finance and Glenda Duncan in the Circuit Court of Lee County, Alabama, CV-06-761.

4. The allegations stated in Paragraph Four are denied.

5. The allegations stated in Paragraph Five are denied.

6. Defendant is without sufficient knowledge to either admit nor deny Citifinancial Inc.'s principal place of business or residence and is therefore denied.

7. Brooka F. Stokes admits that she is a resident/citizen of the State of Alabama.

8. Brooka F. Stokes denies the allegations and statements set forth in Paragraph Eight.

9. The Complaint filed by the Plaintiff sets forth that the damages are to be determined by the trier of fact, and therefore denies the allegations of Paragraph Nine.

10. The Complaint filed by the Plaintiff sets forth that the damages are to be determined by the trier of fact, and therefore denies the allegations of Paragraph Ten.

11. Paragraph Eleven is a statement more than an allegation, therefore, an answer is not required, however to the extent that it alleges that the amount of controversy exceeds the amount required for diversity of jurisdiction, it is denied.

12. The allegations stated in Paragraph Twelve are denied.

13. Mrs. Stokes admits venue is proper. The remainder of the allegations are denied.

14. The statements and allegations set forth in Paragraph Fourteen of the Complaint deal with the underlying Complaint filed by Brook F. Stokes. Mrs. Stokes would say that the Complaint speaks for itself as to the issue of damages or actions of the Plaintiff. To the extent that the Paragraph alleges that the damages exceed the amount required for diversity of jurisdiction it is denied.

15. Brook F. Stokes admits that she entered into a loan transaction with Citifinancial Corporation, LLC. However, the underlying lawsuit does not arise out of the March 10 loan transaction. It instead deals with a transaction with Washington Mutual Finance, therefore, the Defendant would state that the transaction documents speak for themselves and to the extent that the Paragraph represents otherwise they are denied.

16. Defendant is without sufficient knowledge to either admit nor deny Paragraph Sixteen, therefore it is denied.

17. Defendant is without sufficient knowledge to either admit nor deny Paragraph Seventeen, therefore it is denied.

18. Paragraph Eighteen is a statement rather than an allegation and therefore it does not require an answer. To the extent otherwise, it is denied.

19. Brooka F. Stokes would state that the agreement speaks for itself, and to the extent that it is represented otherwise, it is hereby denied.

20. Paragraph Twenty is a statement which does not require an answer.

21. Paragraph Twenty-one is a statement which does not require an answer.

22. Paragraph Twenty-two is a statement which does not require an answer.

23. Paragraph Twenty-three is denied.

24. Paragraph Twenty-four is denied.

25. Paragraph Twenty-five is denied.

26. Paragraph Twenty-six is denied.

## AFFIRMATIVE DEFENSES

1. To the extent that any statement or allegation is not specifically admitted, it is hereby denied.

2. The transaction involved in this lawsuit does not arise out of the Citifinancial, LLC transaction, but rather with Citifinancial, Inc. a/k/a Washington Mutual Finance and Brooka F. Stokes.

3. Citifinancial, Inc. a/k/a Washington Mutual Finance has invoked the litigation process in the underlying dispute by filing its original claim in 2004 against Brooka F. Stokes and has therefore waived its right to arbitrate this matter.

Respectfully submitted,

_____
JEFFREY G. TICKAL (TIC001)
Attorney for the Plaintiff, Brooka Stokes

OF COUNSEL:

GULLAGE & TICKAL, LLP
511 Geneva Street
PO Box 711
Opelika, AL 36803-0711
334-737-3733
334-737-3766 fax

CERTIFICATE OF SERVICE

 I hereby certify that I have served a copy of the foregoing Motion upon the following by depositing a copy of the same in the United States Mail, postage prepaid and properly addressed on this the 14th day of March, 2007.

Alan D. Leeth, Esq.
BURR & FORMAN, LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, AL 35203

JEFFREY G. TICKAL