IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CITIFINANCIAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:07CV055-WHA |
| ) | |
| BROOKA F. STOKES, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF CITIFINANCIAL, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT STOKES' MOTION TO CONTINUE THE TIME FOR DEFENDANT TO FILE OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**COMES NOW** Plaintiff CitiFinancial, Inc. ("CitiFinancial" or "Plaintiff"), by and through its undersigned counsel, and hereby submits this Response in Opposition to Defendant Brooka Stokes' ("Stokes") Motion to Continue Time for Defendant to File Opposition to Plaintiff's Motion for Summary Judgment. In support of its Response in Opposition, CitiFinancial shows unto the Court the following:

**I.**

**INTRODUCTION AND PROCEDURAL HISTORY**

This action is a petition to compel arbitration, brought under Sections 2, 3, and 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.* In this action, CitiFinancial seeks an Order compelling Stokes to submit to binding arbitration any and all claims she may have against CitiFinancial, pursuant to the parties' arbitration agreement. This Petition is necessary because Stokes has violated an agreement to arbitrate her claims against CitiFinancial by filing a lawsuit in state court styled *Brooka Stokes v. CitiFinancial, Inc. a/k/a Washington Mutual*

1556494

*Finance and Glenda Duncan*, now pending in the Circuit Court of Lee County, Alabama, Civil Action Number CV-06-761 (the "Underlying Action").

On February 22, 2007, CitiFinancial filed its First Amended Petition for Order Compelling Arbitration. On March 9, 2007, CitiFinancial filed its Motion for Summary Judgment on its First Amended Petition for Order Compelling Arbitration. The Court then, on March 12, 2007, issued its Order directing Stokes to file her brief in opposition to CitiFinancial's First Amended Petition for Order Compelling Arbitration on or before April 2, 2007. On March 14, 2007, Stokes filed her answer to CitiFinancial's First Amended Petition for Order Compelling Arbitration.

Now, just four (4) days before her response is due, Stokes seeks, pursuant to Rule 56(f), additional time in which to respond to CitiFinancial's Motion for Summary Judgment.[1] As demonstrated below, Stokes motion is due to be denied for several reasons.

## II.

### STOKES HAS FAILED TO MEET THE REQUIREMENTS FOR RELIEF UNDER FED. R. CIV. P. 56(f)

Stokes' request that this Court continue the date in which she has to file an opposition to allow Stokes to conduct discovery related to a transaction between Stokes and Washington Mutual Finance falls well short of the requirements set forth in Fed. R. Civ. P. 56(f) and, thus, is due to be denied. Federal Rules of Civil Procedure 56(f) provides as follows:

> **(f) When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavits facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be

---

[1] While CitiFinancial is opposed to Stokes' motion seeking a continuance in order to conduct discovery pursuant to Rule 56(f), CitiFinancial is not opposed to allowing Stokes a reasonable amount of additional time in which to simply prepare an opposition (without additional discovery) to CitiFinancial's summary judgment motion.

>obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).

Rule 56(f) expressly requires "affidavits of a party opposing the motion." Fed. R. Civ. P. 56(f). "A Rule 56(f) motion must be supported by an affidavit which sets forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998); *see also Crouch v. AmSouth Bank*, 2006 WL 2971692, *1 (M.D. Ala. Oct. 17, 2006 (Court denied Rule 56(f) motion finding that party failed to demonstrate how any facts he believes he may discover would allow him to raise a genuine issue of material fact.) For a party to mandate relief under Rule 56(f), the party must show "both why it is currently unable to present evidence creating a genuine issue of fact and how a continuance would enable the party to present such evidence." *Baker v. American Airlines, Inc.*, 430 F.3d 750, 756 (5th Cir. 2005). The "'nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but must show the court how the stay will operate to permit him to rebut, through discovery, the movant's contentions.'" *Crouch v. AmSouth Bank*, 2006 WL 2971692 at *1 (quoting *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989)). Further, sufficient reasons to reject a Rule 56(f) motion include mere speculation as to what may be discovered, the irrelevance of the information sought to be discovered, and a record which indicates that further discovery is not likely to produce facts needed to defeat summary judgment. *Kelly v. Owens*, 2006 WL 3477949, n.5 (M.D. Ala. Nov. 30, 2006) (citing 11 *Moore's Federal Practice* § 56.10[8][a] (Matthew Bender 3d ed.)).

First, Stokes has failed to meet the most basic requirement of Rule 56(f) - providing an affidavit requesting additional discovery. *See* Fed. R. Civ. P. 56(f); *Harbert Int'l, Inc. v. James*, 157 F.3d at 1280.

Second, Stokes' request falls well short of the required presentation of specific facts demonstrating how the additional time will enable her to rebut CitiFinancial's showing of no genuine issue of fact. Instead, Stokes argues that the additional time is needed to conduct discovery related to a transaction between Stokes and Washington Mutual Finance. Further, Stokes has presented no basis as to why she is currently unable to present evidence creating a genuine issue of fact and how the continuance, if granted, would enable her to present such evidence.

Stokes argues that "it is quite possible that another type of dispute resolution agreement was entered into between the parties . . . that is in conflict with the clause that CitiFinancial, Inc. now relies." *See* Stokes' Motion, ¶ 5. This is the very type of speculation that this Court was referring to as a basis to reject a Rule 56(f) motion. *See Kelly v. Owens*, 2006 WL 3477949, n.5 (M.D. Ala. Nov. 30, 2006). Stokes simply speculates to what the documents may contain without any showing how such language would prevent summary judgment in favor of CitiFinancial.

Third, the documents that Stokes wishes to discover are irrelevant to CitiFinancial's summary judgment motion. CitiFinancial's motion for summary judgment on its First Amended Petition to Compel Arbitration is based on a March 10, 2003 loan transaction entered into by Stokes with CitiFinancial Corporation, LLC. In the arbitration agreement in that transaction, Stokes agreed to arbitrate any claims against CitiFinancial Corporation, LLC, as well as any claims against CitiFinancial Corporation, LLC's past, present or future affiliates including claims

she may have regarding any credit transaction. As set forth in CitiFinancial's motion for summary judgment, CitiFinancial, Inc. is a corporate affiliate of CitiFinancial Corporation, LLC, and was a corporate affiliate of CitiFinancial Corporation, LLC (i) at the time Stokes entered into the loan agreement with CitiFinancial Corporation, LLC on March 10, 2003; and (ii) at the time the alleged wrongdoing (which forms the basis of Stokes' complaint in this matter) was allegedly committed by CitiFinancial, Inc. Importantly, Stokes' claims in the Underlying Action against CitiFinancial are based upon alleged misrepresentation, improper credit reporting and collection activities made by CitiFinancial (not Washington Mutual) in association with Stokes' loan - i.e., claims regarding "[a]ny act . . by . . . Us," "[f]raud or misrepresentation," as well as regarding "[a]ny dispute about . . . collecting, or enforcing a Credit Transaction" -- which are specifically encompassed by the parties' arbitration agreement. There is no doubt that the claims Stokes asserts in the Underlying Action are encompassed in the scope of the March 10, 2003 arbitration agreement. Accordingly, discovery of the Washington Mutual loan is not relevant and its discovery (if even possible), would not produce facts needed to defeat CitiFinancial's summary judgment motion.

      Finally, while CitiFinancial believes that the documents sought by Stokes would only bolster its arguments that the claims in the Underlying Action are due to be compelled to arbitration, a further continuance to allow the discovery of such documents will not produce facts to create a genuine issue of material fact precluding summary judgment namely because CitiFinancial is not in possession of the documents. In fact, counsel for CitiFinancial has advised Stokes' counsel on numerous occasions that CitiFinancial has been unable to locate the loan documents associated with the loan between Stokes and Washington Mutual. Thus, the additional time requested will not provide the additional documents sought by Stokes.

## III.

## CONCLUSION

For the foregoing reasons, CitiFinancial respectfully requests that the Court deny Stokes' Motion to Continue Time for Defendant to File Opposition to Plaintiff's Motion for Summary Judgment.

Dated this the 30th day of March, 2007.

                                            Respectfully submitted,

                                            s/ Alan D. Leeth
                                            Reid S. Manley (MAN039)
                                            Alan D. Leeth (LEE038)

                                            Attorneys for Plaintiff
                                            CITIFINANCIAL, INC.

**OF COUNSEL:**

BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 30th day of March, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all properly registered parties and to the extent they are not registered with the Court's ECF system, they have been served by directing same to their office addresses via first-class, United States mail, postage prepaid:

      Hon. James T. Gullage
      Jeffrey G. Tickal
      GULLAGE & TICKAL, LLP
      511 Geneva Street
      Opelika, AL 36801
      Tel.: (334) 737-3733

      s/ Alan D. Leeth
      OF COUNSEL